



Daniel D. Kelly, Esq.                                                                                       dkelly@robinson-donovan.com

November 8, 2004

William M. Welch, II
Assistant U.S. Attorney
Federal Building & Courthouse
1550 Main Street, Room 310
Springfield, MA 01103

    RE:    <u>United States of America v. Albert Innarelli, et als</u>
            Docket No. 04-30046-MAP

Dear Attorney Welch:

       Pursuant to the Magistrate's September 24, 2004, Scheduling Order, I hereby make the following discovery requests pursuant to Local Rule 116:

       1)    Any and all appraisals conducted by the Defendant, or any company the Defendant may have worked for, that relate to any of the properties referenced in the Indictment in the above-referenced case;

       2)    Every appraisal done by anyone, for each and every property listed in the Indictment in the above-referenced Indictment, whether alleged to be fraudulent or otherwise;

       3)    Any and all documents and objects within the governments possession, custody or control including, without limitation, books, papers, documents, data, photographs, tangible objects, or copies or portions of any of these items, as required to be produced upon request by the Defendant as set forth under Rule 16(a)(1)(E);

       4)    Any and all evidence and/or information that the government intends to offer at trial pertaining to the conduct by the Defendant (or of any co-defendant) that is not charged on the face of the indictment, that the government believes is admissible to show identity, common plan, scheme or design and the like, including a description of the conduct that

382359

November 8, 2004
Page 2

the government will seek to introduce. This information is necessary in order for the Defendant to prepare his defense, and to prepare any appropriate motions including Motions in Limine.

     5)    Any and all evidence from and/or information about any eyewitness of alleged criminal activities or conduct involved in this case for which the prosecution has a name and/or address and which the government does not intend to call. *United States v Cadet*, 72.7 F.2d 1453 (9th Cir. 1984);

     6)    A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, as provided by Rule 16(a)(1)(G);

     7)    Any and all reports and results of scientific tests, experiments and examinations, including specifically any and all related notes, logs, charts, work papers, and raw test results, including but without any limitations, all such reports and results, etc. relating to:

> Handwriting analysis; scientific identification or other analysis of documents purportedly used in furtherance of the alleged criminal activities and/or conduct in this case, including but without any limitations: appraisals or any other documents, purportedly or facially submitted by or on behalf of Joseph Sullivan; any and all other documents purportedly or facially submitted by or on behalf of any of the defendants, unindicted co-conspirators and/or witnesses.

    The defendant submits that any such items of material concerning to and to preparing his defense, and are required to produce upon request by the Defendant as set forth in Rule 16(a)(1)(F). The defendant further submits that the above described documents contain exculpatory information regarding whether the defendant knowingly participated in any alleged criminal conduct.

     8)    You had previously indicated in your October 7, 2004 letter that written descriptions of consensual intercepts would be "supplied under separate cover," to date I have yet to receive those and hereby request them.

     9)    Any and all documents in the Government's possession that have been utilized by the Government to support the allegation that the loss amount exceeds Seven Million Dollars, as specified by the Government in Paragraph One of the Notice of Additional Factors.

     10)    Any and all documents in the Government's possession that have been utilized by the Government to support the allegation that a number of victims exceeds fifty (50) as specified by the Government in Paragraph Two of the Notice of Additional Factors.

     11)    Any and all documents in the Government's possession that have been utilized by the Government to support the allegation that the defendants derived more than One Million Dollars in gross receipts as specified by the Government in Paragraph Three of the Notice of Additional Factors.

382359

November 8, 2004
Page 3

        12) Any and all documents in the Government's possession that have been utilized by the Government to support the allegation that the defendants listed in Paragraph Four of the Notice of Additional Factors abused a position of trust in a manner that significantly facilitated the commission or concealment of a crime as alleged in Paragraph Four of the Notice of Additional Factors.

        To the extent that certain of the discovery materials requested herein are being produced on the basis that the information contained therein is exculpatory, I request that all such discovery be produced at this time. Although such information may tend to be exculpatory both on the basis that it provides evidence that negates the defendant's guilt concerning any count in the indictment (i.e., whether the Defendant knowingly participated in any alleged criminal conduct) as well as exculpatory "impeachment evidence" (which need be produced no more than 21 days before the trial date), when such information reasonably fits into more than one category it should be produced at the earlier date. I would also suggest that since these exculpatory materials will be produced in any event, there is little to be gained by going through the process of differentiating these materials for production, as opposed to simply producing all such materials at this time.

        Thank you for your prompt attention to this matter.

        Very truly yours,

        Daniel D. Kelly

DDK/fmf

382359