```
                                                    FILED
                                                 CLERK'S OFFICE

                                                 2007 DEC 12  P 2: 39
         UNITED STATES DISTRICT COURT
          DISTRICT OF MASSACHUSETTS
               WESTERN SECTION              U.S. DISTRICT COURT
                                            DISTRICT OF MASS.
```

---

| | |
|---|---|
| Anthony Matos,<br>    Petitioner, | : |
| vs. | : Docket No. CR 04-30046-MAP |
| United States of America,<br>    Respondent. | : |

---

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC #2255.

NOW COMES, The Petitioner, Anthony Matos, acting herein Pro-se* (unless otherwise stated, hereinafter referred to as "Petitioner"), Pursuant to Title 28, United States Code, Section 2255, respectfully requests this Honorable Court to enter an ORDER requiring the re-instatement of Petitioner's NOTICE OF APPEAL. As grounds for this Memorandum, Petitioner now says:

### JURISDICTIONAL STATEMENT

Jurisdiction is vested in this court under Section 2255. Title 28, United States Code, Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the Court was without jurisdiction to impose such sentence was in exess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

---

*This Petition was prepared with the assistance of Shechem Lafayette, a former Law Clerk, Law Instructor and a current student at the Abraham Lincoln University School of Law in California.

       imposed the sentence to vacate, set aside, or correct the sentence.

Id.

## STANDARD OF REVIEW

A lawyer who disregards specific instructions from the defendant to file a Notice of Appeal acts in a manner that is professionally unreasonable. Rodriquez vs. United States, 395 U.S. 327 (1969); CF. Pequero vs. United States, 526 U.S. 23 (1999)("When counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

## ARGUMENT

The Sixth Amendment establishes a right to counsel in criminal proceedings. Johnson vs. Zerbst, 304 U.S. 458, 463 (1938). "The right to counsel is fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process". Kimmelman vs. Morrison, 477 U.S. 363, 373 (1986). To ensure that defense counsel upholds the adversial process established by the Sixth Amendment, the right to counsel is defined as the right to the effective assistance of counsel. Strickland vs. Washington, 466 U.S. 668, 686 (1984), citing McMann vs. Richardson, 397 U.S. 759, 771 N. 14 (1970). When a criminal defendant does not receive the effective assistance of counsel at trial or sentencing, the adversial process has been compromised, and a reviewing court should reverse the judgment.

Ineffective assistance has been rendered when 1) counsel's representation fell below an objective standard of reasonableness; and 2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland, 466 U.S. at 694; Kimmelman, 477 U.S. at 375. See also, Ernesto Cirilo-Munoz vs. United States of America, 404 F.3d 527; 2005 U.S. App. Lexis 6343, NO. 02-1846, decided April 15, 2005, United States Court of Appeals for the First Circuit.

In the case sub judice, Petitioner asserts, contends and argues that his attorney rendered ineffective assistance of counsel, by counsel's failure to file a Notice of Appeal. Specifically, immediately after sentencing in this case, Petitioner informed his attorney to file Notice of Appeal. Petitioner had expressed to his attorney that his sentence was improperly increased and that he wanted to appeal his sentence. Nevertheless, Petitioner's attorney had refused to file a Notice of Appeal.

In order to establish a Sixth Amendment violation based on counsel's failure to file a Notice of Appeal, Petitioner must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed. See, e.g., Roe vs. Flores-ortega, 528 U.S. 470, 120 S.Ct. 1029, 1034-38, 145 L.Ed. 2d 985 (2000). Petitioner further stresses that, an attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. See Roe, supra, at 1035. Once it is proven true indeed, as here, on the other hand, that Petitioner had expressed his intentions to defense counsel, to appeal his case and counsel decided on his own not to file an appeal without having discussed this matter further with Petitioner after he was sentenced, counsel's performance clearly was Constitutionally deficient. See Roe, supra at 1035-37.

Moreover, regarding prejudice, The Supreme Court held that "When counsel's Constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a succesful Ineffective Assistance of Counsel claim entitling him to an appeal". Id at 1029. Again, for the record, prejudice is presumed from counsel's failure to file a Notice of Appeal when so requested by a client. See, e.g., Solis vs. United States, 252 F.3d 289 (3rd Cir. 2001); kitchen vs. United States, 227 F.3d 1014, 1020-21 (7th Cir. 2000).

Furthermore, Petitioner has several meritorious issues that his counsel could have presented to the Appeals Court. For example, 1) the Presentece Investigation Reports ("PSR") used several related cases and counted them separately and also added invalidated priors and ones also on the list of priors to exclude in the United States Sentencing Guidelines. However, during Petitioner's sentencing hearing, the District Court

had heavily relied upon the "PSR" to determine Petitioner's criminal history; 2) At sentencing, the District Court miscalculated the total amount of loss stemming from the Fraud Conspiracy and imposed sixteen offense levels higher, even if the court used the actual, opposed to the gain amount or even the intended doesn't necessarily mean the collateral pledged doesn't have to be deducted from the total loan amount. The wire amount was nearly a total of $250,000 less than the loan amount. Over two thirds of Petitioner's property's pledged were not fruits from the fraud, they were in fact payed for and improved prior to the fraud taking place and therefore either way the fair market value should have been deducted whether it was from the gain the actual or the intent; and 3) the District Court had improperly awarded restitution under the Fedral Probation Act. The prosecution never forwarded over any specific amounts to the defense. In any event, the court established an improper figure for the restitution amount that was imposed at sentencing ($350,000). It is apparent that someone has the burden of calculating the loss figure, if the court or the prosecution wants to counter, the factual figures supplied by the defense, that were generated by a professional CPA firm. The amount used had not been properly allocated to impose a sentence judically correct. In addition, the restitution order was in breach of the United States Sentencing Guidelines Section 36663A (c),(3),(b).

Wherefore, based upon the fact that Petitioner's attorney had utterly failed to file a Notice of Appeal in conjunction with Petitioner's non-frivolous appealable issues, This Honorable Court should grant Petitioner post-conviction relief.

Executed this 7th day of December, 2007.

Respectfully Submitted,

Anthony Matos, Pro-se*,
Reg. No.: 90827-038
USP CANAAN
P.O. Box 300
Waymart, PA 18472

---

* This Memorandum was prepared with the assistance of Shechem Lafayette, a former Law Clerk, Law Instructor and current student at Abraham Lincoln University School of Law in California.