IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
IN CLERK'S OFFICE

2008 MAR -7 A 9:54

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANTHONY MATOS,
    Petitioner,

VS.

UNITED STATES OF AMERICA,
    Respondent.

Civil Action No. 07-

Docket No. CR 04-30046-MAP

---

**PETITIONER'S CLAIMS TO BE PRESENTED ON DIRECT APPEAL**

---

Anthony Matos, petitioner pro se ("Matos"), submits the following claims to be presented to the Court of Appeals for appellate review if granted his right to appeal:

1. Matos's plea agreement was not intelligently entered because Matos's Attorney Vincent Bongiorni, Assistant United States Attorney William Welch and the Honorable Michael A. Ponsor all misinformed Matos of the maximum penalty authorized for a violation of 18 U.S.C. § 1343 wire fraud offense which did not affect a financial institution and which had occurred prior to July 2, 2002.

2. The sentencing court imposed a general sentence of 84 months of imprisonment which does exceeds the statutory maximum 60 month term of imprisonment authorized for the 18 U.S.C. § 1343 wire fraud offenses which Matos has plead guilty to in Counts Twelve, Fifty-Two and Sixty-Five of the indictment.

In support of the afforementioned claims[1] Matos alleges that he entered a guilty plea to Counts Twelve, Fifty-Two, Sixty-Five and Sixty-nine of the superseding indictment. Specifically, Count Twelve charged that "on or about December 10, 1999, Matos fraudulently caused Accubanc Mortgage Corporation to wire approximately $99,000 into Mr. Albert Innarelli IOLTA account for the sale of 241 Oak Street in Holyoke, Massachusetts." Count Fifty-Two charged that "on or about March 12, 2001, Matos fraudulently caused Country Wide Home Loans to wire approximately $97,470 into Albert Innarelli's IOLTA account for the sale of 2-4 St. Jerome Avenue in Holyoke, Massachusettes." Count Sixty-Five charged that "on or about December 12, 2001, Matos fraudulently caused Country Wide Home Loans to wire approximately $113,223 into Albert Innarelli's IOLTA account for the sale of a piece of real estate known as 130-132 Orange Street in Springfield, Massachusetts." Count Sixty-Nine charged that Matos did engage in "money laudering" activities.

On appeal, Matos would argue that prior to July 2, 2002, 18 U.S.C. § 1343 authorized a maximum term of imprisonment of 60 months for offenses that did not affect financial institutions like those offenses Matos plead guilty to in Counts Twelve, Fifty-Two and Sixty-Five of the superseding indictment. See United States v. Ubakanma, 215 F.3d. 421, 426 and n.5 (4th Cir. 2000)(five year statutory maximum applies to § 1343 offense where wire fraud

---

[1] Matos allso seeks here to add the aforementioned claims as claims to his § 2255 motion which warrants relief under § 2255 and ineffective representation.

crime did not affect financial institution); United States v. Easterman, 135 F.Supp.2d. 917, 919 (N.D. Ill. 2001)(same); United States v. Grass, 274 F.Supp.2d. 648, 653 (M.D. Penn. 2003)(same). Also See United States v. Agne, 214 F.3d. 47, 51 (1st Cir. 2000) (defining definition of affectiing financial institution and then finding that defendant's criminal acts of wire fraud did not affect financial institution triggering ten year statute of limitations). Matos would not have plead guilty facing only five years.

Matos would further argue that his 84 month term of imprisonment imposed on his § 1343 offense of convictions for Counts Twelve, Fifty-Two and Sixty-Five does exceed the maximum 60-month term of imprisonment authorized for the offense on which Matos's has plead guilty to. Each of Matos § 1343 offenses did not affect a financial institution and also were completed prior to July 2, 2002, when the § 1343 statute had been revised to increase the penalty and removed the requirement that the § 1343 offense had to affect a financial institution before the increase penalty (of more than five years) could apply. Consequently, Matos 84-month sentence imposed by the Court does exceeds the statutory maximum of 60-months for the § 1343 (2001) offenses for which **Matos has been** convicted. Although the 84-month custodial sentence does not exceed the statutory maximum of 120-months authorized for a violation of Title 18 U.S.C. §§ 1956(h) and 1957 (Count Sixty-Nine which Matos plead guilty to), the sentence of 84-months is nonetheless unlawful. This is so because the sentence constitutes a general sentence which is prohibited by the Sentencing Guidelines.

See Jones v. United States, 224 F.3d. 1251, 1259 (11th Cir. 2000) (quoting Woodard which cites U.S.S.G. which discussses how to impose sentences on multiple counts of convictions). Also See Kennedy v. United States, 330 F.2d. 26 (9th Cir. 1964)(defendant's excessive sentence is void and cannot be made to run consecutive after defendant's successful challenge pursuant Rule 35); Chandler v. United States, 468 F.2d. 834 (5th Cir. 1972)(same reasoning applied in Kennedy but applied in § 2255 proceeding); United States v. Bowen, 514 F.2d. 440, 441 (9th Cir. 1975)(where defendant's sentence exceeds statutory maximum excessive portion of sentence is void); United States v. Handa, 122 F.3d. 690, 691 (9th Cir. 1997)(holding that as to correction of a sentence, motion under Rule 35 and petitions under § 2255 are interchangeable).

Here Matos asserts that the claims alleged herein have merit and are highly likely to be reversed and remanded on appeal if not vacated in this § 2255 proceeding under ineffective representation on the part of attorney Bongiorni.[2] Matos contends that the noted claims require that his sentence and convictions be vacated and the proceedings began anew.

CONCLUSION:

WHEREFORE, based upon the foregoing Petitioner Matos respectfully

---

[2]. Here, Matos asserts that any affidavit which attorney Bongiorni may provide to the Government which denys that Matos requested to pursue a direct appeal would be false and self serving considering the claims noted herein and Matos's other pleadings currently pending before this Court.

4

urges this Court to GRANT the appropriate relief.

RESPECTFULLY SUBMITTED,

ANTHONY MATOS, PRO SE.

EXECUTED ON THIS 28TH DAY OF FEBRUARY, 2008.

## CERTIFICATE OF SERVICE

I, Anthony Matos, hereby certify that I have served a copy of the foregoing Supplemental Pleading on the Party noted below by affixing first class postage and placing the same in the prison legal mailing system and addressed as follows:

United States Attorney's Office
C/O: Todd E. Newhouse
Assistant United States Attorney
1550 Main Street, Room 310
Springfield, Ma 01103

EXECUTED ON THIS 28TH DAY OF FEBRUARY, 2008.

ANTHONY MATOS, PRO SE.
REG. NO. 90827-038
UNITED STATES PENITENTIARY-CANAAN
POST OFFICE BOX 300
WAYMART, PA 18472